IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01876-REB-MEH

MALIBU MEDIA, L.L.C.

     Plaintiff,

v.

RYAN GEARY

     Defendant.

---

## DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant RYAN GEARY ("Defendant") by and through his attorneys Wessels & Arsenault, L.L.C., hereby answer the Complaint of Plaintiff Malibu Media, L.L.C. ("Plaintiff") as follows:

1.    Defendant avers that Paragraph 1 of the Complaint makes legal conclusions that do not require a response, except that Defendant agrees that Plaintiff is seeking relief under the Copyright Act (Title 17 U.S.C. § 101 et seq).

2.    Defendant denies the allegations in Paragraph 2.

3.    Defendant denies Plaintiff's allegations in Paragraph 3, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

4.    Defendant admits the allegations in Paragraph 4.

5.    Defendant denies the allegations in Paragraph 5, except to admit that he is a resident of the City of Loveland, County of Larimer, and State of Colorado.

6.    Defendant admits to the allegations in Paragraph 6.

**Parties**

7.      Defendant denies Plaintiff's allegations in Paragraph 7, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

8.      Defendant admits to the allegations in Paragraph 8.

9.      Defendant denies the allegations in Paragraph 9. The ISP to which each alleged Defendant subscribes can correlate the flagged IP address to a subscriber that may or may not be the actual Defendant responsible for the alleged infringing activity.

**Factual Background**

10.     Defendant denies Plaintiff's allegations in Paragraph 10, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

11.     Defendant denies Plaintiff's allegations in Paragraph 11, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

12.     Defendant denies Plaintiff's allegations in Paragraph 12, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

13.     Defendant denies Plaintiff's allegations in Paragraph 13, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

14.     Defendant denies Plaintiff's allegations in Paragraph 14, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

15.     Defendant denies Plaintiff's allegations in Paragraph 15, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

16.     Defendant denies Plaintiff's allegations in Paragraph 16. At best, an Internet Protocol ("IP") address will identify the subscriber of the account through which the alleged infringer connected to the internet.  The Plaintiff has no good-faith grounds or a reasonable basis for

alleging that the subscriber happened to be the individual who reproduced Plaintiff's works. Defendant also denies that the information in Plaintiff's Exhibit A would identify the infringer in any of the other infringements alleged by Plaintiff.

17.     Defendant denies Plaintiff's allegations in Paragraph 17, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

18.     Defendant denies Plaintiff's allegations in Paragraph 18, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

19.     Defendant denies Plaintiff's allegations in Paragraph 19, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

20.     Defendant denies Plaintiff's allegations in Paragraph 20, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21.     Defendant denies Plaintiff's allegations in Paragraph 21, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

22.     Defendant denies Plaintiff's allegations in Paragraph 22, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

23.     Defendant denies Plaintiff's allegations in Paragraph 23.

24.     Defendant denies Plaintiff's allegations in Paragraph 24.

25.     Defendant denies Plaintiff's allegations in Paragraph 25, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

26.     Defendant denies Plaintiff's allegations in Paragraph 26, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## COUNT I
### Copyright Infringement

27.     Defendant denies Plaintiff's allegations in Paragraph 27.

28.     Defendant denies Plaintiff's allegations in Paragraph 28, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

29.     Defendant denies Plaintiff's allegations in Paragraph 29.

30.     Defendant denies Plaintiff's allegations in Paragraph 30, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

31.     Defendant denies Plaintiff's allegations in Paragraph 31, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

32.     Defendant denies Plaintiff's allegations in Paragraph 32.

33.     Defendant denies Plaintiff's allegations in Paragraph 33, because Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## DEFENSES

34.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

35.     Defendant is informed and believes, that the Plaintiff has already received a full award of statutory damages under 17 U.S.C. § 504(c)(1) and is not entitled to further recovery. *Smith v. NBC Universal*, 2008 WL 612696 *2 (S.D.N.Y. Feb. 28, 2008) (Copyright owners are entitled to one award of statutory damages against multiple infringers where they act in concert and are therefore jointly and severally liable.) *See also Fitzgerald Pub. Co. v. Baylor Pub. Co.,* 807 F.2d 1110, 1117 (2d. Cir. 1986).

## SECOND DEFENSE
### De Minimis Non Curat Lex

36.     Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) or *de minimis* use.

37.     Any infringing activity via Plaintiff's internet connection that occurred was momentary at best, and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant Doe.

**THIRD DEFENSE**
**Failure to Mitigate Damages**

38.     Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the necessary steps to mitigate any damages.

**FOURTH DEFENSE**
**Innocent Infringement**

39.     Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because his accessing of any content would not have been willful and instead in good-faith.

**FIFTH DEFENSE**
**Barring of Statutory Damages and Attorneys Fees**

40.     Plaintiff's claim for statutory damages is barred by the U.S. Constitution.  Amongst other rights, the fifth amendment right to due process bars Plaintiff's claim.  As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13,22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." *Id*.  If all of

Plaintiff's settlements for infringement of the work in question are added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

41.     Pursuant to applicable law concerning whether statutory damages are constitutional and to what extent, Plaintiff's recovery, if any, must necessarily have a reasonable relationship to the Plaintiff's alleged actual damages caused by the alleged infringement.

## SIXTH DEFENSE
### Failure to Join an Indispensable Party

42.     Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff.  Plaintiff failed to include the individual(s) who allegedly engaged in the downloading in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure, and for such failure, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

## SEVENTH DEFENSE
### License, Consent, and Acquiescence

43.     Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrent.

## EIGHTH DEFENSE
### Unclean hands

44.     Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE
### Injunctive Relief

45.     Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.

46.     Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

## COUNTERCLAIM

Defendant RYAN GEARY ("Counter-claimant") raises this Counterclaim for a declaratory judgment of non-infringement against Plaintiff and Counterdefendant Malibu Media, L.L.C., Inc. ("Malibu Media, L.L.C.").

## JURISDICTION AND VENUE

1.     Defendant RYAN GEARY is an individual residing in the State of Colorado

2.     This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201 and because Plaintiff Malibu Media, L.L.C. has availed itself of this Court to pursue an action against counter-claimant.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1400(a).

4.     This Court has subject matter jurisdiction due to diversity and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2002

## INTRODUCTION

1.     Counter-claimant incorporates herein by reference hereto each and every allegation contained in each of the above paragraphs.

2.     This misguided lawsuit is one of several hundred lawsuits filed by Malibu Media, L.L.C. around the United States over the past year to profit purely from filing copyright

infringement claims and exacting settlements as a business model.  As a practice, Malibu Media, L.L.C. sues multiple anonymous John Does in the relevant jurisdiction, and then whittles down the anonymous Defendant list as they settle without litigating the claims on the merits.

3.      Plaintiff's for-profit business model has been extensively documented in the news media (see for Example, http://www.usnews.com article dated February 02, 2012, "Porn Companies file Mass Piracy Lawsuits": http://www.usnews.com/news/articles/2012/02/02porn-companies-file-mass-piracy-lawsuits-are-you-at-risk; and in a recent U.S. District Court case, these cases were labeled a "nationwide blizzard." *In re Bit Torrent Adult Film Copyright Infringement Cases*; 2:11-cv-03995, 12-1147, 12-1150, and 12-1154, Order and Report and Recommendation dated May 01, 2012 at p.2.

4.      Counter-claimant never downloaded a pornographic film through the internet or through the Bit Torrent network.

5.      Counter-claimant has no knowledge of any other person or entity using his computer, router, or modem to download a pornographic film.

6.      Counter-claimant never authorized any other persons, entities, or individuals to use his computer, router, or modem to download a pornographic film.

7.      Malibu Media, L.L.C. relies on questionable forensic evidence such as that from IPP Limited when pursuing Defendants on Internet Protocol addresses alone to justify the expedited Discovery used to seek settlements from potential Doe Defendants.

8.      In the State of Colorado, Plaintiff has filed dozens of lawsuits against several hundred Defendants and substantially less against any actual named and served Defendants. It appears that Counter-claimant is one of those examples to "encourage the others" into seeking settlements.

9.      This business model is further complicated by the fact that the adult entertainment company's attorney is paid a portion of any settlements received, establishing a potentially champertous relationship that can be easily abused without an incentive for further scrutiny of data provided by the forensics investigators.

10.      To further improve the likelihood that the targets will settle, it is Counter-claimant's belief that Plaintiffs actively draw infringers to their films, and do so by uploading an archive containing a plurality of films to the internet for unsuspecting potential Defendants to access. This digital file often contains multiple registered works that Plaintiffs use to seek additional damages from Doe Defendants.

11.      Once the digital file becomes used available to be searched and downloaded via Bit Torrent, the investigating company can track IP addresses that may or may not be associated with the Bit Torrent download.  The tracking technology used by forensic investigation companies such as IPP Limited is not reliable and has resulted in "false positives" showing infringement by other devices such as a printer, router, or telephone device, which cannot perform the download alleged by plaintiffs.  See e.g., Exhibit A, Piatek, Kohno, and Krishnamurthy, Challenges and Directions for Monitoring P2P Filesharing networks, or Why My Printer Received a DMCA Takedown Notice, http://dmca.cs.washington.edu/dmca_hotsec08.pdf.  The software used by forensic investigation companies cannot necessarily distinguish between IP addresses that are purposely accessing the Bit Torrent tracker to download and distribute the file or people who mistakenly think the file name involves other content that may not necessarily be infringing.  The software used by forensics investigation companies also cannot from Defendant's understanding provide an adequate time stamp to demonstrate that the alleged IP address downloaded an entire work that

would constitute an act of copyright infringement for the purposes of this District nor distinguish from a party inadvertently accessing the work and ceasing the activity momentarily afterwards.

12.    Upon collecting a sufficient number of IP addresses, a law firm working with the pornography studio and forensic investigator files a Federal lawsuit claiming that multiple individuals, sometimes numbering in the thousands, downloaded the alleged pornographic work. The Complaint does not name individuals but instead identifies Defendants as "John Does" that are the subscribers to the IP addresses they seek information on.  Plaintiffs also erroneously claim in the Complaint without basis in that the subscriber to the IP address is the actual infringer.  This statement is highly erroneous because it does not consider several common sense factors and relies on a lack of a technical understanding of computer networking to be accepted.

13.    An error rate of at least 30% has been cited for the forensics investigation companies such as IPP Limited.  In a case out of the Southern District of New York, Plaintiff's counsel estimated "that 30% of the names turned over by IPSs are not those of individuals who actually downloaded or shared copyrighted material."  Opinion and Order, *Digital Sin, Inc. v. John Does 1-176*, 2012 W.L. 263491, 12-cv-00126 (S.D.N.Y. Jan. 30, 2012) at p. 5.  Even more concerning is that the Plaintiffs are willing to rely on dubious information when attempting to encourage Defendants to settle the action without a review of the strength of the individual claim.

14.    A prosecutor bringing similar actions for say access to obscenity or child pornography in the context of federal criminal prosecution using forensics investigation techniques with a 30% or above error rate would be brought up on charges of criminally actionable prosecutorial misconduct and/or abuse of process.  Moreover, no civil litigator would file lawsuits with an error rate of 30% without having to consider the consequences under Federal Rules of Civil Procedure Rule 11 and 28 U.S.C. § 1927.

15.    The pornographic film company acting as Plaintiff represents to the Courts in their Complaints that the Doe Defendants are all liable for the downloading in question; that the acts of infringement occurred using only the Doe Defendant's IP addresses, and that the ISP can accurately correlate the IP address to the Doe Defendant's true identity (rather than a subscriber). The Plaintiff film company makes these claims in spite of knowledge that the actual identity, conduct, and intent of any of the alleged Defendants are unknown to the Plaintiffs.

16.    Moreover, the statements are made to the Court despite knowledge that the IP addresses being represented do not always represent the proper person or Defendant accused of infringing activity.   IP addresses may be assigned or attached to many other devices capable of operation through a router or modem.  Several federal courts have affirmed this idea.  *See, e.g., In re Bit Torrent Adult Film*, supra, 2:11-cv-03995, May 1, 2012, at p. 6; *Malibu Media LLC v. John Does 1-10*, 2:12-cv-3623, Order, June 27, 2012.

17.    Plaintiff's statements are made to the Court without consideration of the various factors that could be exculpatory to a particular subscriber or alleged Defendant.  Plaintiffs in these actions have the knowledge that the alleged act of infringement could have been performed by a third-party with a different computer connected to the IP address without the subscriber's knowledge or consent.  With the proliferation of wireless networks and consumer wireless networking technology, the alleged infringing activity could be performed by any person with a computer within a wireless network's range, a fact that Plaintiffs are well aware of.  The activity could also have been performed remotely by a hacker who has gained access to the subscriber's computer or even an individual spoofing an IP address.  These mitigating factors are not accounted for by the International IP tracker software used by Plaintiff in the present action or any of the forensic investigation companies such as IPP Limited.

18.     Defendant's cause of action arises under the Copyright Laws of the United States for a declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to the extent that an actual controversy exists between Defendant and Plaintiff.

## PARTIES

19.     Malibu Media, L.L.C. claims copyright ownership on multiple works cited in this lawsuit (Plaintiff's Complaint: Exhibit A) ("Works").

20.     Counter-claimant is an individual who subscribed to an internet service provider at his residence.

## FACTUAL BACKGROUND

21.     Malibu Media, L.L.C. has incorrectly asserted in its claim that Counter-claimant has willfully infringed its copyright in the Work.

22.     Plaintiff's alleged claims are neither well grounded in fact nor warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

23.     Counter-claimant asserts that he has never used Bit Torrent nor owned a computer that was connected to Bit Torrent from his residence at the time of the alleged infringing activity.

24.     Despite being placed on notice that Counter-claimant did not engage in any infringing activity because he has health issues and other difficulties that would make infringement highly unlikely, the Plaintiff still has persisted in their suit against Counter-claimant.

25.     On information and belief, Plaintiff's only evidence to support their claims against Counter-claimant is a listing of an internet protocol ("IP") address attached to the Complaint as an Exhibit, allegedly from a peer-to-peer file sharing program.

12

26.    Counter-claimant subscribed to high-speed internet access from Comcast Communications, Inc. (hereinafter "Counter-claimant's ISP").  Counter-claimant's ISP provided account holders with dynamic IP addresses using Dynamic Host Configuration Protocol ("DHCP"), a technology that assigns a different IP address to each subscriber each time the user accesses the internet via the ISP.

27.    DHCP assignment of an IP address by Counter-claimant's ISP does not actually indicate who was accessing the internet or which computer was used to access the internet. Several other factors including an open wireless network or use of malicious computer software that controls a subscriber's computer and access to the internet are common alternate causations that explain infringing activity when a user lacks knowledge of the infringement or the protocols used to carry out infringing activity.  Counter-claimant has never had a Bit Torrent application, does not have a computer wherein she could install a Bit Torrent application, and has never engaged in any acts of infringement described in Plaintiff's Complaint.

28.    On information and belief, the purpose of the lawsuit filed against Counter-claimant is not to seek appropriate relief from the Courts.  Rather, the lawsuit against Defendant Doe (and other John Does) is intended to send a message of intimidation to Bit Torrent users using the Courts.

## FIRST CAUSE OF ACTION
### Declaration of No Infringement of Copyright

29.    Counter-claimant hereby incorporates by references the paragraphs of the above Counterclaim.

30.    Malibu Media, L.L.C., has incorrectly asserted in its claim that Counter-claimant has willfully infringed its copyright in the work via alleged downloading using Bit Torrent.

31.     Counter-claimant has not infringed any of Plaintiff's exclusive rights under 17 U.S.C.

§ 106(1)-(6).

32.     Counter-claimant has not infringed Plaintiff's copyright in the Work and is entitled to

a declaratory judgment of non-infringement to that effect.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein,

Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a

jury and an order granting the following relief:

a.      A judgment in favor of Defendant denying Plaintiff's requested relief and

dismissal of Plaintiff's Complaint with prejudice by this court;

b.      A judgment in favor of Defendant and against Malibu Media, L.L.C. on both of

Defendant's Counterclaim(s);

c.      That Defendant be awarded reasonable attorneys' fees, sanctions, costs, and other

such awards that are available according to federal statute and state laws;

d.      That Plaintiff be held liable for punitive and exemplary damages awarded to the

maximum extent available under law; and

e.      That the Court award such other action that is just, proper, and equitable in this

instance.

## JURY TRIAL DEMAND

Defendant RYAN GEARY respectfully requests a jury trial on all counts.


**DATED**: October 30, 2012

                        Respectfully submitted,
                        RYAN GEARY

14

By: _____
John A. Arsenault (CO Bar # 41327)
WESSELS & ARSENAULT, L.L.C.
1333 W. 120th Ave. Suite 302
Westminster, CO 80234
Telephone: 303-459-7898
Facsimile: 888-317-8582
john.arsenault@frontrangelegalservices.com
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, a true and correct copy of the foregoing

**DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT** was sent via first-class

mail or via the CM/ECF system to the following:


JASON KOTZKER
KOTZKER LAW GROUP
P.O. Box 632134
Highlands Ranch, CO 80163-2134


**DATED**:  October 30, 2012          By: _____

John A. Arsenault (CO Bar # 41327)

WESSELS & ARSENAULT, L.L.C.
1333 W. 120th Ave. Suite 302
Westminster, CO 80234
Telephone: 303-459-7898
Facsimile: 888-317-8582
john.arsenault@frontrangelegalservices.com
*Attorney for the Defendant*

16