# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01876-REB-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

RYAN GEARY,

    Defendant.

_____/

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM [DKT. 16]

Plaintiff, Malibu Media, LLC, pursuant to Fed. R. Civ. P. 12(b)(6), moves for the entry of an Order dismissing Defendant's Amended Counterclaim and submits the following memorandum in support.

## I. INTRODUCTION

Defendant's Counterclaim for a Declaration of Non-Infringement fails to state a claim upon which relief may be granted and should be dismissed. The count is merely a denial and under established law should not be permitted to continue as a standalone count.

For these reasons, as more fully explained below, Plaintiff respectfully requests that the Court dismiss Defendant's Counterclaim in its entirety.

## II. LEGAL STANDARD

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court "should determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a) . . . ." *McDonald v. Kinder–Morgan, Inc.,* 287

F.3d 992, 997 (10th Cir.2002). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Ruiz v. McDonnell,* 299 F .3d 1173, 1181 (10th Cir.2002), *cert. denied,* 123 S.Ct. 1908 (2003). Further, the Court should review the complaint to determine whether it "contains enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir.2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (Emphasis in original).

### III. ARGUMENT

    A. <u>Defendant/Counter-Plaintiff Fails to State a Claim for Declaratory Judgment that Defendant is Not Liable to Plaintiff for Copyright Infringement</u>

Defendant/Counter-Plaintiff's claims for declaratory judgment concerning liability for copyright infringement should be dismissed as an inappropriate "repackaging" of his affirmative defenses. The Declaratory Judgment Act gives the Court "the *authority* to declare the rights and legal relations of interested parties, but not a *duty* to do so." *Stickrath v. Globalstar, Inc.*, 2008 WL 2050990, at *3 (N.D. Cal. 2008), *citing Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008), *which in turn cites Wilton v. Seven Falls Co.*, 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (within a district court's sound discretion to dismiss an action for declaratory judgment), *and* 28 U.S.C. § 2201(a) (emphasis in original).

Accordingly, numerous courts have used that discretion to dismiss counterclaims

"where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Id*.   *See also Rayman v. Peoples Sav. Corp.*, 735 F.Supp. 841, 852-53 (N.D. Ill. 1990) (court dismisses counterclaim that "simply duplicates arguments made by way of affirmative defense"); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic.  What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated…[.]").  "Ordinarily the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action." *Washington-Detroit Theater Co. v. Moore*, 249 Mich. 673 (MI 1930);   *See also*, *Product Engineering and Mfg, Inc. v. F. Barnes*, 424 F.2d 42 (10th Cir. 1970) ("Dismissal of federal court action seeking declaratory judgment that patent was invalid and that licensee's machine did not infringe patent, wherein licensee asserted no more than what would be defense to Colorado court contract action brought by patentee on license agreement, was not an abuse of discretion.") This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and saying see Complaint.  Also, it would confuse a jury if the matter proceeds to that stage.   Moreover, the declaration is simply unnecessary.  If Defendant wins at trial, the jury's verdict will find him not liable.

Additionally, it should be noted that Defendant fails to allege or even address the elements of copyright infringement.  *See generally*, First Cause of Action; *see also Medias & Co., Inc. v. Ty, Inc.*, 106 F.Supp.2d 1132, 1136 (D. Colo. 2000) ("To prove

copyright infringement a plaintiff is required to show: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'")  Instead, Defendant/Counter-Plaintiff repeats his denial in his first defense.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for the entry of an order dismissing Defendant's Amended Counterclaim in its entirety.

Respectfully submitted,

By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Jason Kotzker*