## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01876-REB-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

RYAN GEARY,

      Defendant.

_____/

### PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff moves for the entry of an order striking Defendant's Affirmative defenses, and submits the following memorandum in support.

## I.  INTRODUCTION

Plaintiff filed its Complaint [CM/ECF 1] against Defendant on July 18, 2012. Defendant has asserted numerous defenses and affirmative defenses against the Complaint that are wholly insufficient as a matter of law.  Plaintiff, therefore, seeks to strike Defendant's Second, Fourth, Fifth, and Sixth affirmative defenses.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides for striking affirmative defenses that are insufficient.  Fed. R. Civ. P. 12(f).  An affirmative defense "is insufficient if, as a matter of law, the defense cannot succeed under any circumstance."  *Unger v. US West, Inc.*, 889 F.Supp. 419, 422 (D. Colo. 1995).

### A.  Defendant's Second Defense Should be Stricken

Defendant's Second Defense should be stricken because the doctrine of *de minimis non curat lex* does not apply.  Defendant claims that any infringing activity was

1

only momentary and that Plaintiff lacks evidence as to the extent and duration of the infringing activity.  See DE 16 ¶ 37.  This makes no difference to the determination of whether or not Defendant infringed Plaintiff's copyright.  Copyright infringement claims have no temporal statutory requirement. Whether the infringement occurred in a matter of seconds or a matter of days, the fact that Defendant violated the exclusive rights afforded to Plaintiff under 17 U.S.C. § 106 by using BitTorrent to unlawfully obtain and share Plaintiff's work states a cause of action.  Section 501 states "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright or right of the author, as the case may be." 17 U.S.C. § 501.  Defendant's Second Defense should therefore be stricken.

### B.  Defendant's Fourth Defense Should be Stricken

Defendant's Fourth Defense should be stricken because it is barred as a matter of law since the work contained a copyright notice.  Section 401(d) of the Copyright Act provides "[i]f a notice of copyright in the form and position specified by this section appears on the published copy or copies to which a defendant in a copyright infringement suit had access, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement."  17 U.S.C. § 401(d).  Plaintiff's works contained proper copyright notices and Defendant cannot therefore claim innocent infringer status.

Even if this Court were to erroneously find that Defendant is an innocent infringer, the Court would be unable to waive or eliminate damages as Defendant requests.  "In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court it its discretion may reduce the

2

award of statutory damages to a sum of not less than $200." *Walden Music, Inc. v. C.H.W., Inc.*, 95-4023-SAC, 1996 WL 254654 (D. Kan. Apr. 19, 1996) (emphasis added) (*citing* 17 U.S.C. § 504(c)(2)).  Accordingly, Defendant's Fourth Defense should be stricken.

### C.  Defendant's Fifth Defense Should be Stricken

Defendant's Fifth Defense should be stricken because statutory damages are expressly permitted under the Copyright Act and have been held constitutional.  Courts have repeatedly rejected due process challenges to the imposition of statutory damages under the Copyright Act.  *See, e.g., Sony BMG Music Entertainment v. Tenenbaum*, 660 F.3d 487 (1st Cir. 2011) (declining to evaluate defendant's due process objections to award of statutory damages under Copyright Act, and noting remittitur procedure as available to challenge award); *Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 586–88 (6th Cir. 2007) (upholding statutory damage award representing 44:1 ratio of statutory to actual damages ratio); *Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F. Supp. 2d 455, 459–60 (D. Md. 2004) (holding award of statutory damages for copyright infringement would not be subject to review under due process clause in view of difficulties in assessing compensatory damages for actual harm).

Addressing the development of statutory damages under the Copyright Act, the *Tenenbaum* Court noted:

> [The text of Section 504 of the Copyright Act] reflects Congress's intent "to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits." *Douglas v. Cunningham*, 294 U.S. 207, 209, 55 S.Ct. 365, 79 L.Ed. 862 (1935).  The Supreme Court explained that before statutory damages were available, plaintiffs, "though proving infringement," would often be able to recover only nominal damages and the "ineffectiveness of

3

> the remedy encouraged willful and deliberate infringement." *Id*. The Supreme Court has since reaffirmed that "[e]ven for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233, 73 S.Ct. 222, 97 L.Ed. 276 (1952) (upholding statutory damage award of $5,000 for infringement even when actual damages of only $900 were demonstrated).

*Tenenbaum*, 660 F.3d at 502.

The *Tenenbaum* court further noted that "Congress last amended the Copyright Act in 1999 to underline the minimum and maximum awards available under § 504(c)." *Id*., at 500, *citing* Digital Theft Deterrence and Copyright Damages Improvement Act of 1999, Pub. L. No. 106–160, 113 Stat. 1774 (emphasis added). The court also took note that the legislative history behind new copyright enactments recognized the developing problem of copyright piracy in the digital age, and the need for a deterrent remedy:

> By the turn of the century the Internet is projected to have more than 200 million users, and the development of new technology will create additional incentive for copyright thieves to steal protected works. The advent of digital video discs, for example, will enable individuals to store far more material than on conventional discs and, at the same time, produce perfect secondhand copies . . . Many computer users are either ignorant that copyright laws apply to Internet activity, or they simply believe that they will not be caught or prosecuted for their conduct. Also, many infringers do not consider the current copyright infringement penalties a real threat and continue infringing, even after a copyright owner puts them on notice that their actions constitute infringement and that they should stop the activity or face legal action. In light of this disturbing trend, it is manifest that Congress respond appropriately with updated penalties to dissuade such conduct. H.R. 1761 increases copyright penalties to have a significant deterrent effect on copyright infringement.

*Tenenbaum*, 660 F.3d at 500, *citing* H.R. Rep. No. 106–216, at 3 (1999), 1999 WL 446444, at *2.

4

Similarly, in this case an award of statutory damages comports with Congress's twin aims of providing a remedy where profits or other damages may be difficult to ascertain, and as a deterrent to further infringement.    Defendant's due process challenge thus fails as a matter of law, and his Fifth Defense should be stricken.

### D.  Defendant's Sixth Defense Should be Stricken

Defendant's Sixth Defense should be stricken because Plaintiff has not failed to join an indispensable party.   The joint tortfeasors in this copyright infringement action are not indispensable parties.   Under Fed. R. Civ. P. 19(a)(1) a person required to be joined is

A person who is subject to service of process and whose joinder will not deprive        the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i)    as a practical matter impair or impede the person's ability to protect the interest; or

(ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Id.  Here there are no persons required to be joined according to Rule 19 because the court is able to accord complete relief to Plaintiff upon the successful litigation of the copyright infringement claims brought against Defendant.   Additionally, there are no other persons that can claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Doe

7 would be left at risk of incurring double, multiple, or otherwise inconsistent obligations. Thus, Defendant's Sixth Defense should be stricken.

## III. CONCLUSION

For the foregoing reasons, Defendant's Second, Fourth, Fifth, and Sixth Defenses should be stricken as a matter of law.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an Order:

(A) Striking Defendant's Second, Fourth, Fifth, and Sixth affirmative defenses; and

(B) For such other and further relief as this Court deems just and proper.

Dated: November 20, 2012

Respectfully submitted,

By: /s/Jason Kotzker
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 303-875-5386
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)

Pursuant to D.C. Colo L. Civ. R. 7.1(A), counsel for Plaintiff has conferred with Defendant's counsel, who opposes the relief sought herein.

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ Jason Kotzker