IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–01876-REB-MEH

MALIBU MEDIA, L.L.C.

     Plaintiff,

v.

RYAN GEARY

     Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

---

Defendant Ryan Geary ("Defendant") by his attorneys Wessels & Arsenault, L.L.C., hereby responds to Plaintiff's motion to strike and states as follows:

In his answer, Defendant pleaded multiple defenses in response to Plaintiff's argument for copyright infringement and for contributory copyright infringement. [Dkt. 16]. Plaintiff on November 20, 2012 submitted a motion to strike, attempting to strike Defendant's Second, Fourth, Fifth Sixth, and Seventh Defenses as a matter of law. [Dkt. 18]. Because Plaintiffs are not prejudiced in any way by allowing Defendant to continue to preserve these defenses and because of further rulings from the Tenth Circuit, the Court should deny Plaintiff's motion to strike.

**ARGUMENT**

Motions to strike affirmative defenses are disfavored. Rule 12(f) allows a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of 12(f) is to save the time and money that would

1

be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.,* No. 07-cv-01514-WDB-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008 (citing *United States v. Shell Oil. Co.*, 605 F.Supp. 1064, 1085 (D. Colo. 1985)). Strike a portion of the pleading is a drastic remedy, the federal courts generally view motions to strike with disvaor and infrequently grant such arequests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09 cv-00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Venderhurst v. Colo. Mountain Coll. Dist.,* 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." Unger v. U.S. West, Inc. 889 F. Supp. 419, 422 (D. Colo. 1995). Dfendant requests that the Court look to the opinion in *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTV-BNB, 2010 WL 865380 (D. Colo. Mar. 8, 2010) for guidance. Senior District Judge Babcok declined to evaluate a motion to strike an affirmative defense pursuant to the standard in FRCP Rule 8((a)(2). The Court found it "reasonable to impose stricter pleading requirements on a Plaintiff who has had significantly more time to develop factual support for his claims than a Defendant who is only given 20 days to respond to a Complaint and assert affirmative defenses." *Holdbrook*, 2010 WL 865380, at *2. Judge Babcock eventually concluded that not holding an affirmative defense to the Rule 8(a)(a) standard from Twombly/Iqbal was the "better-reasoned approach . . . particularly in light of the disfavored status of motions to strike. *Id. See also Chavaria v. Peak Vista Cmty. Health Ctrs.,* No. 08-cv-01466-LTB-

MJW, 2008 WL 4830792 (D. Colo. Nov. 5, 2008) (requiring only a short and plain statement of the defense and rejecting the Plaintiff's argument that the Defendant must allege a factual basis for each affirmative defense).  The Tenth Circuit has cited Eighth Circuit authojrity for the proposition that "[t]he rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a Defendant nto state in short and plain terms its defenses to a Plaintiff's claims." *Cagle v. The James St. Grp.*, 400 F. App'x 348, 355 (10th Cir. 2010) (unpublished) (quoting *Wisland v Admiral Beverage Corp.,* 119 F. 3d 733, 737 (8th Cir. 1997)). The Court in Cagle concluded that because Defendants raised a "lack of privity" affirmative defense in their answers, this brief statement "was sufficient to preserve the component elements of the defense," including the choice of law governing the defense's evaluations. 400 F. App'x at 355.

## A. Defendant's Second Defense should not be Stricken

Plaintiff argues that Defendant's defense of *de minimis curat lex* does not apply presently because no temporal statutory requirement exists.  Although Plaintiff's argument is notable, it does not consider several factors that may be a concern herein. First, whether Defendant actually completed a download of the work in question allegedly owned by Plaintiff is a factor.  Second, if Defendant only copied 0.00005% of the work owned by Plaintiff by cancelling an inadvertent download, then Defendant should not be considered to have copied the work.  If an individual copied one percent (1%) of a highly recognizable photograph, then it would be difficult for a claim of copyright infringement to prevail given the minimal evidence regarding actual copying. A copying requires making a reproduction of the work, and if it cannot be proven that

Defendant created a complete copy, then Plaintiff fails to satisfy the copying element of a claim for infringement.

If the Court somehow concludes that if Defendant downloaded a complete version of Plaintiff's work, then Defendant argues that it was not for a sufficient enough duration to qualify as anything more than *de minimis* infringement.

**B. Defendant's Fourth Defense should not be Stricken**

Plaintiff is attempting to strike Defendant's fourth defense of innocent infringement on the grounds that the defense is unavailable when a work contains a copyright notice on the published copy or copies of the work to which a defendant in a copyright suit had access.  Plaintiff makes Defendant's argument for him when he cites the Copyright Act because the copy inquired about by the statute is the copy that Defendant has access to at the alleged time of infringement. The language of the statute states, "[i]f a notice of copyright in the form and position specified by this section **appears on the published copy or copies to which a defendant in a copyright suit had access**, then no weight shall be given to such a defendant's interposition of a defense based on innocent infringement." 17 U.S.C. § 401(d) (emphasis added). If it is true that Defendant accessed Plaintiff's work via Bit Torrent and a digital copy, it was not accessed with a copyright notice or on the published copy available to Defendant.

The file name of the work in question cited by Plaintiff makes no reference to a copyright notice or any owner, and any alleged Defendant is unable to view any copyright notice prior to actually completing the download and then subsequently viewing the work.  As Plaintiff is keenly aware, file names do not include copyright notices and files cannot be accessed until a download is made, so it would have been

impossible for Defendant to gain awareness of any copyright notices until after a download had completed in its entirety and was then subsequently viewed by Defendant.

**C. Defendant's Fifth Defense should not be Stricken**

Plaintiff is arguing that Defendant's arguments against unreasonably high statutory damages request must be stricken because statutory damages are permitted by law. However, it is clear that Courts disfavor unreasonably high awards of statutory damages and find them unconstitutional under the Eighth Amendment of the U.S. Constitution.  Plaintiff's authority relied on the use of statutory damages for questions where ascertaining the value of the alleged infringement is at issue. In the present action, it should not be difficult to determine the extent of the losses incurred via Plaintiff for the alleged infringement of a single lower budget audio-visual work over a short interval offered on subscription-based website. If the lawsuit does eventually include a discussion of damages, then Defendant's defense against an unreasonably high award of statutory damages should certainly be included and heard by this Court.

**D. Defendant's Sixth Defense should not be Stricken**

Plaintiff is arguing that Defendant's sixth defense claiming that the lawsuit should be dismissed for failure to join an indispensable party should be stricken because the various Defendants are not indispensable parties as stated in Fed. R. Civ. P. 19(a)(1). The rules indicate that, "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: that person's absence, the court cannot accord complete relief amongst existing parties…" Fed. R. Civ. P. 19(a)(1)(A).

Defendant herein is unaware as to the outcome of the previous associated action and does not know who was dismissed as a result of a settlement and who was dismissed for inability to prosecute the matter. Defendant is also unaware as to who originated the Torrent file and whether that individual whom seeded the torrent was available. There were multiple Defendants and John Does who were dismissed in the previous associated action with and without prejudice.  If Defendants in the original Complaint are argued by Plaintiff to be joint and severally liable to the other Defendants, then it is necessary that Plaintiff add the other parties to the present lawsuit to properly be afforded relief under the Copyright Statute.

**CONCLUSION**

For the foregoing reasons, Defendant's Second, Fourth, Fifth, and Sixth defenses should not be stricken from the present lawsuit as a matter of law.

**WHEREFORE**, Defendant respectfully requests that this Court deny an Order striking Defendant's Second, Fourth, Fifth, and Sixth Defenses; and for such other and further relief as this Court deems just and proper.

**DATED**: December 07, 2012

Respectfully submitted,
RYAN GEARY

By: _____
John A. Arsenault (CO Bar # 41327)
WESSELS & ARSENAULT, L.L.C.
1333 W. 120th Ave. Suite 302
Westminster, CO 80234
Telephone: 303-459-7898
Facsimile: 888-317-8582
john.arsenault@frontrangelegalservices.com
*Attorney for the Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 07, 2012, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES** was sent via first-class mail or via the CM/ECF system to the following:

JASON KOTZKER
KOTZKER LAW GROUP
P.O. Box 632134
Highlands Ranch, CO 80163-2134

**DATED**:  December 07, 2012

By: _____
John A. Arsenault (CO Bar # 41327)

WESSELS & ARSENAULT, L.L.C.
1333 W. 120th Ave. Suite 302
Westminster, CO 80234
Telephone: 303-459-7898
Facsimile: 888-317-8582
john.arsenault@frontrangelegalservices.com
*Attorney for the Defendant*