IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01876-REB-MEH

MALIBU MEDIA, LLC,

        Plaintiff,

v.

RYAN GEARY,

        Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

        Before the Court is Plaintiff's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim [filed November 20, 2012; docket #17] and Plaintiff's Motion to Strike Affirmative Defenses [filed November 20, 2012; docket #18].  In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matters are referred to this Court for recommendation [docket #21].  Oral argument would not materially assist the Court in its adjudication of the motions.  For the reasons based on the record set forth herein, the Court RECOMMENDS Plaintiff's motion to dismiss be **granted** and the motion to strike be **granted in part and denied in part** as set forth herein.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the

## MOTION TO DISMISS

Plaintiff initiated this action on July 18, 2012 by filing a Complaint against Defendant Ryan Geary alleging generally that Defendant committed direct infringement by copying and distributing the constituent elements of Plaintiff's original works covered by Copyrights-in-Suit by using the internet and a "BitTorrent" protocol. (Docket #1.)  Defendant responded to the Complaint by filing an Answer and Counterclaim seeking declaratory relief against the Plaintiff.  (Docket #16.)

### I.    Facts

The following are factual allegations, as opposed to legal conclusions, bare assertions, or merely conclusory allegations, made by the Defendant/Counter-claimant in the "Factual Background" portion of his Counterclaim, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1.    Counter-claimant has never used BitTorrent nor owned a computer that was connected to BitTorrent from his residence at the time of the alleged infringing activity.

2.    Despite being placed on notice that Counter-claimant did not engage in any infringing activity because he has health issues and other difficulties that would make infringement highly unlikely, the Plaintiff still has persisted in its suit against Counter-claimant.

3.    Plaintiff's only evidence to support its claims against Counter-claimant is a listing of an internet protocol ("IP") address attached to the Complaint as an exhibit, allegedly from a peer-to-peer file sharing program.

---

failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

4.      Counter-claimant subscribed to high-speed internet access from Comcast Communications, Inc. ("Comcast" or "ISP")  Comcast provides account holders with dynamic IP addresses using Dynamic Host Configuration Protocol ("DHCP"), a technology that assigns a different IP address to each subscriber each time the user accesses the internet via the ISP.

5.      DHCP assignment of an IP address by Comcast does not actually indicate who was accessing the internet or which computer was used to access the internet.

6.      Several factors including an open wireless network or use of malicious computer software that controls a subscriber's computer and access to the internet are common alternate causes that explain infringing activity.

7.      Counter-claimant has never had a BitTorrent application, does not have a computer wherein he[2] could install a BitTorrent application, and has never engaged in any acts of infringement described in Plaintiff's Complaint.

## II.     Procedural History

Plaintiff/Counter-Defendant responded to the Counterclaim by filing the present motion to dismiss alleging that the Counterclaim mirrors the stated affirmative defenses and, thus, is duplicative and unnecessary.  Defendant/Counter-claimant responds that his counterclaim seeks a declaration not only that he did not infringe Plaintiff's copyright, but also "an affirmative finding that Plaintiff has acted improperly (unclean hands, failure to mitigate damages, improperly seeking multiple recoveries, etc.)" (Response, docket #27 at 3) and "that an IP address is insufficient under Rule 11 to support a claim of infringement; that an IP address is insufficient to identify an infringer;

---

[2]This allegation actually refers to the Defendant as "she," but the pleadings lead the Court to conclude the Defendant is a male, and the feminine pronoun is merely a typographical error.

3

that Plaintiff has failed to mitigate; that Plaintiff is attempting to receive double recovery; the invalidity of Plaintiff's copyrights; [and] that Plaintiff [sic] is not jointly and severally liable" (*id.* at 5). As such, Defendant claims that his counterclaim for declaratory relief does not mirror his affirmative defenses. Plaintiff replies that Defendant improperly raises in his response brief separate issues, or even potential claims, that are not asserted in the Counterclaim. Plaintiff contends that the Counterclaim, as stated, is merely duplicative of a potential jury finding that Defendant is not liable and does not state a claim for declaratory relief.

## III. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. The Court need not agree with legal conclusions couched as factual allegations nor with conclusory factual allegations devoid of any reference to actual events. *Id.* at 678. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged

their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

**IV.    Analysis**

"The Declaratory Judgment Act states in pertinent part that, '[i]n a case of actual controversy within its jurisdiction ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (citing 28 U.S.C. § 2201(a)). "[A] declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy,' a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement." *Id.* (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937)). That is, "a declaratory judgment suit must be 'definite and concrete, touching the legal relations of parties having adverse legal interests," and must be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 1244 (quoting *MedImmune v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "Put differently, 'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient

5

immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.*

In its motion, Plaintiff contends that Defendant's counterclaim is duplicative of his defense to the copyright infringement claim and, thus, is redundant and unnecessary.  For issues that are the same as, or similar to, those raised in the present motion, courts in other jurisdictions have concluded essentially that a counterclaim is neither duplicative nor redundant if it asserts an independent case or controversy that survives dismissal of the plaintiff's claim.  *See Marvel Worldwide, Inc. v. Kirby*, 756 F. Supp. 2d 461, 467 (S.D.N.Y. 2010); *see also Arista Records LLC v. USENET.COM*, No. 07 civ.8822(HB), 2008 WL 4974823, at *5 (S.D.N.Y. Nov. 24, 2008); *Interscope Records v. Kimmel*, No. 3:07-cv-0108, 2007 WL 1756383, at *3-*4 (N.D.N.Y. June 18, 2007).  Other courts have come to the same conclusion without necessarily analyzing the "case-or-controversy" requirement.  *See Malibu Media, LLC v. Doe 1*, No. DKC 12-1198, 2012 WL 6681990, at *3 (D. Md. Dec. 21, 2012) (because there was no substantive distinction between the defenses and counterclaims, counterclaims were dismissed); *see also Interscope Records v. Duty*, No. 05CV3744-PHX-FJM, 2006 WL 988086, at *3 (D. Ariz. Apr. 14, 2006) (where counterclaim for declaratory judgment simply alleged that defendant did not commit copyright infringement, the counterclaim was redundant and unnecessary); *United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) (where counterclaim is essentially identical to the complaint except that it seeks the opposite effect, the counterclaim is unnecessary and improper).

Defendant implicitly acknowledges this general rule by arguing that his counterclaim seeks relief beyond that contemplated in the Complaint or his affirmative defenses.  Specifically, Defendant contends that his Counterclaim seeks the following relief: "an affirmative finding that Plaintiff has acted improperly (unclean hands, failure to mitigate damages, improperly seeking

6

multiple recoveries, etc.)" (Response, docket #27 at 3) and "that an IP address is insufficient under Rule 11 to support a claim of infringement; that an IP address is insufficient to identify an infringer; that Plaintiff has failed to mitigate; that Plaintiff is attempting to receive double recovery; the invalidity of Plaintiff's copyrights; [and] that Plaintiff is not jointly and severally liable" (*id.* at 5).

However, incorporating by reference the factual allegations set forth herein, Defendant's Counterclaim for a "Declaration of No Infringement of Copyright" actually asserts the following:

30.     Malibu Media, L.L.C. has incorrectly asserted in its claim that Counter-claimant has willfully infringed its copyright in the work via alleged downloading using Bit Torrent.

31.     Counter-claimant has not infringed any of Plaintiff's exclusive rights under 17 U.S.C. § 106(1)-(6).

32.     Counter-claimant has not infringed Plaintiff's copyright in the work and is entitled to a declaratory judgment of non-infringement to that effect.

Counterclaim, docket #16 at 13-14.  Further, Defendant seeks only the following relief:

a.     A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court;

b.     A judgment in favor of Defendant and against Malibu Media, L.L.C. on both of Defendant's Counterclaim(s);[3]

c.     That Defendant be awarded reasonable attorneys' fees, sanctions, costs, and other such awards that are available according to federal statute and state laws;

d.     That Plaintiff be held liable for punitive and exemplary damages awarded to the maximum extent available under law; and

e.     That the Court award such other action that is just, proper and equitable in this instance.

*Id.* at 14.  Clearly, Defendant seeks no relief in his Counterclaim other than that which would have the opposite effect of the relief sought in the Complaint.  As such, his Counterclaim is redundant and unnecessary.

---

[3]Defendant's "First Answer to Plaintiff's Complaint" reflects that Defendant has alleged only one Counterclaim for "Declaration of No Infringement of Copyright."  *See* docket #16.

To the extent that Defendant relies on the information and allegations supplied in the "Introduction" to his Counterclaim, the Court finds that many of the allegations are merely conclusory and insufficient to meet *Iqbal*'s requirements.  For example, the first sentence of the Introduction states: "This misguided lawsuit is one of several hundred lawsuits filed by [Plaintiff] around the United States over the past year to profit purely from filing copyright infringement claims and exacting settlements as a business model."  Counterclaim, docket #16 at 7-8.  The Introduction continues for more than three pages containing both factual and conclusory allegations.  Nevertheless, Defendant fails to make any affirmative claims based upon the information provided in the Introduction, and pursuant to Fed. R. Civ. P. 8, neither the Plaintiff nor the Court need be required to "guess" from such information which claims, if any, Defendant intended to make.[4]

## V.      Conclusion

The Counterclaim at issue here fails to assert an independent case or controversy that would survive dismissal of the Plaintiff's claim.  Therefore, the Court concludes that Defendant's Counterclaim, as stated, is duplicative of its defenses asserted in the Answer and, thus, redundant and unnecessary.  Accordingly, this Court respectfully recommends that the District Court grant Plaintiff's motion to dismiss the Defendant's Counterclaim.

<u>**MOTION TO STRIKE AFFIRMATIVE DEFENSES**</u>

In its Motion to Strike, Plaintiff seeks an order striking Defendant's second, fourth, fifth, and sixth affirmative defenses.  Plaintiff contends that these defenses are insufficient as a matter of law because they cannot succeed under any circumstance.

---

[4]The Court notes that it would not be proper in this case to construe the pleading liberally, as required by the Tenth Circuit in cases involving pleadings drafted by a *pro se* party. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendant responds that motions to strike are disfavored in this district and would be a drastic remedy in this case. He asks the Court to follow Judge Babcock's opinion in *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380 (D. Colo. Mar. 8, 2010), and find that it is improper to hold an affirmative defense to the Rule 8(a) standard from the *Twombly/Iqbal* cases.

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)). Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests. 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011). Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). Some courts have expanded this pleading standard based on notice to reflect the plausibility standard applied to pleading a claim for relief, which is what Plaintiff asks this Court to do. The *Twombly/Iqbal* plausibility pleading standard has not been extended to affirmative defenses in this Circuit, and the Court declines to do so here. The standard articulated in *Unger* continues to be the

appropriate standard.  For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A) and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

With these legal principles in mind, the Court will analyze each of the challenged affirmative defenses in turn.

## I.    Second Affirmative Defense

Defendant's second affirmative defense states that Plaintiff's claim for copyright infringement is barred by the doctrine of *de minimis non curat lex*, or "the law cares not for trifle." Docket #16 at 4.  Defendant asserts that any infringing activity via [Defendant's] internet connection was momentary at best, and that Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant.  *Id.* at 5.

Plaintiff argues that the doctrine does not apply because it makes no difference to a determination of whether Defendant infringed the copyrighted work.  Motion, docket #18 at 2. "Whether the infringement occurred in a matter of seconds or a matter of days, the fact that Defendant violated the exclusive rights afforded to Plaintiff under 17 U.S.C. § 106 by using BitTorrent to unlawfully obtain and share Plaintiff's work states a cause of action."  *Id.*

Defendant counters that he should be able to argue that copying only a minimal portion of the work (for example, by cancelling an inadvertent download) is insufficient to demonstrate he made a complete reproduction of the work, which is necessary to satisfy the copying element of a claim for infringement.  Response, docket #26 at 3-4.  Plaintiff replies that Defendant's contention is wrong, and that copyright infringement may occur even if the entire work is not copied.  Reply, docket #31 at 2.  Plaintiff further argues that Defendant relies only on hypothetical scenarios and

not on the facts of this case.  *Id.* at 3-4.

The Court finds that striking Defendant's second affirmative defense at this stage of the litigation is premature.  As the Plaintiff concedes, the Third Circuit found that "[a] de minimis defense does not apply where the *qualitative* [as opposed to quantitative] value of the copying is material."  *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 208 (3d Cir. 2002) (emphasis in original).  In *Dun & Bradstreet*, the court concluded that the trial court appropriately struck the de minimis defense from the **jury charge** based upon evidence that the information Defendant copied was "highly critical."  *Id.*; *see also Nihon Keizai Shimbun, Inc. v. Comline Business Data, Inc.*, 166 F.3d 65, 71 (2d Cir. 1999) ("It is not possible to determine infringement through a simple [ ] count; the quantitative analysis of two works must always occur in the shadow of their qualitative nature.").  These cases demonstrate that an analysis of whether a copyrighted work has been unlawfully copied requires a look at both the quantity and quality of the copied information.  In this case, discovery has recently begun and there has been no evidence either way concerning the quantity or quality of the information allegedly copied.  Plaintiff's assertion of "facts" in its argument is not persuasive, as these allegations have not been yet  developed.

Therefore, the Court finds Plaintiff has failed to demonstrate that the de minimis defense cannot succeed under any circumstance, and recommends that Plaintiff's motion be denied with respect to the Second Affirmative Defense.

## II.     Fourth Affirmative Defense

Defendant's fourth affirmative defense "requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because his accessing of any content would not have been willful and instead in good-faith [sic]."  Plaintiff argues that the

11

defense should be stricken as barred as a matter of law since the work contained a copyright notice. Motion, docket #18 at 2.  Plaintiff further contends that, if the Court were to find Defendant to be an innocent infringer, the Court cannot eliminate damages altogether as Defendant requests.  *Id.* at 2-3.

Defendant responds that "[t]he file name of the work in question cited by Plaintiff makes no reference to a copyright notice or any owner, and any alleged Defendant is unable to view any copyright notice prior to actually completing the download and then subsequently viewing the work." Response, docket #26 at 4.  Plaintiff replies that "[i]f Defendant's argument were to succeed, it would mean that all unlawful peer-to-peer downloads of copyrighted works would automatically be "innocent infringement" under the law since the file names do not include copyright notices." Reply, docket #31 at 7.

Again, the Court must conclude that striking the fourth affirmative defense altogether would be premature at this stage of the litigation.  The "innocent infringer" defense apparently arises from statutory language found in 17 U.S.C. § 504(c)(2):

> In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

In fact, Plaintiff cites a First Circuit opinion for the proposition that "a plaintiff may still recover the full measure of statutory damages available ... against an *unknowing* infringer if the infringer had '*reason to believe* that his or her acts constituted an infringement of copyright.'" *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 507 n. 21 (1st Cir. 2011), *cert. denied*, 132 S. Ct. 2431, 182 L. Ed. 2d 1075 (2012) (citing 17 U.S.C. § 504(c)(2)) (emphasis in original).

Thus, according to both the First Circuit and the statute, a defendant asserting an innocent

infringer defense has the burden to **prove** the infringement was unknowing and the defendant had no reason to believe his or her acts constituted copyright infringement. Here, while Plaintiff attempts to show that the Defendant both knew and had reason to believe he infringed the copyrighted work, Plaintiff cites to "facts" that, at this stage, are simply allegations made in the case. There has been no evidence either way of Defendant's knowledge or any reason to believe that infringement occurred.

Furthermore, the Court does not necessarily agree with Plaintiff that Defendant's fourth affirmative defense must be altogether stricken as inconsistent with the "damages" language of 17 U.S.C. § 504(c)(2). Defendant does not respond to this argument. The Court notes that Plaintiff specifically asserts in its Reply brief that it "has not yet made an election of remedies," that is, Plaintiff has not elected whether it will seek statutory damages or actual damages. § 504(c)(2), by its very language, applies only upon an election of statutory damages. *See* 17 U.S.C. § 504(c)(1). Therefore, it remains premature for the Court to strike Defendant's innocent infringer defense altogether.

At the same time, it appears from the case law that the innocent infringer defense arises solely from § 504(c)(2); therefore, the defense, if asserted, must be stated in accordance with that statute. The Court finds that it cannot strike the offending language without rendering the entire defense ineffective. Accordingly, the Court has no alternative but to recommend granting in part and denying in part Plaintiff's motion by striking the fourth affirmative defense as stated, and permitting the Defendant to amend the defense in accordance with 17 U.S.C. § 504(c)(2).[5]

---

[5]The Court notes that it is questionable as to whether this defense is actually an "affirmative defense" which, if true, will defeat the plaintiff's claim even if all allegations in the complaint are true. However, this defense may be construed as merely a denial of Plaintiff's

### III.     Fifth Affirmative Defense

Defendant's fifth affirmative defense is titled, "Barring of Statutory Damages and Attorneys Fees," but challenges only an award of statutory damages.  In essence, Defendant asserts that Plaintiff's claim for statutory damages is barred by the Due Process Clause of the U.S. Constitution as excessive.  Plaintiff argues that the defense is premature since there has been no award of statutory damages, and improper since courts have rejected due process challenges to the imposition of statutory damages under the Copyright Act.

The Court finds that the defense is not properly asserted as an "affirmative defense," which is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." Black's Law Dictionary (9th ed. 2009).  While Defendant characterizes the defense as barring the Plaintiff's "claim" for statutory damages, Plaintiff's claim is actually for direct copyright infringement, the success of which may result in an "award" of damages.  Proof of statutory damages is not an element of a copyright infringement claim.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  Nor may this defense be construed as simply a denial of the elements of Plaintiff's claim.

Thus, because the defense, as stated, "cannot succeed" in defeating any portion of the Plaintiff's claim for direct infringement, the Court recommends that the District Court grant Plaintiff's motion to strike the fifth affirmative defense.

---

claim and need not be stricken if the Plaintiff is not prejudiced by it.  *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2011 WL 843900, at *3 (D. Colo. Mar. 8, 2011) (citing *Lifeblood Biomedical, Inc., Opt-in Trust v. Mann (In re Sender)*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006).

## IV.     Sixth Affirmative Defense

Defendant asserts in his sixth affirmative defense that he did not engage in any of the downloading or infringement alleged in the Complaint and that Plaintiff has failed to join the indispensable party(ies) who engaged in the alleged infringement.  Plaintiff argues that the defense must be stricken because the joint tortfeasors in this action are not indispensable parties pursuant to Fed. R. Civ. P. 19(a)(1).  Defendant responds that "[i]f Defendants in the original complaint are argued by Plaintiff to be joint and severally liable to the other Defendants, then it is necessary that Plaintiff add the other parties to the present lawsuit to properly be afforded relief under the Copyright Statute."  Response, docket #26 at 6.  Plaintiff replies that it has alleged a single claim of direct infringement against the Defendant, which if proved, would hold Defendant individually liable.  Plaintiff states it has not alleged that Defendant is contributorily liable for the alleged direct infringement of the other members of the BitTorrent swarm.

The Court agrees with Plaintiff.  The Complaint reflects the allegation of a single claim against the Defendant and no allegations of joint and several liability by any other parties.  Thus, Rule 19(a)(1) is not implicated because the Court can accord complete relief among the existing parties and there is currently no person claiming an interest related to the subject of this action.  Consequently, the defense cannot succeed under any circumstance with respect to the litigation at this early stage, and the Court recommends that the District Court grant Plaintiff's motion to strike Defendant's sixth affirmative defense.  The Court notes, however, that if the landscape of the litigation changes through discovery or at trial, the Defendant may raise this defense at that time. *See* Fed. R. Civ. P. 12(h).

**V.      Conclusion**

As set forth herein, the Court respectfully recommends that the District grant the Plaintiff's motion to strike Defendant's fifth and sixth affirmative defenses, deny the motion to strike Defendant's second affirmative defense, and grant the motion to strike Defendant's fourth affirmative defense, but permit the Defendant to amend the defense in accordance with 17 U.S.C. § 504(c)(2)

**RECOMMENDATION**

Plaintiff has demonstrated that Defendant's Counterclaim is redundant and unnecessary and, thus, fails to state an independent claim for relief.  Further, Plaintiff has shown that Defendant's Fifth and Sixth Affirmative Defenses cannot succeed under any circumstance and should be stricken. On the other hand, Plaintiff has failed to demonstrate that Defendant's Second Affirmative Defense should be stricken or that the Fourth Affirmative Defense should be stricken altogether. Accordingly, the Court respectfully recommends that Plaintiff's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim [filed November 20, 2012; docket #17] be **granted** and Plaintiff's Motion to Strike Affirmative Defenses [filed November 20, 2012; docket #18] be **granted in part and denied in part** as set forth herein.

Dated at Denver, Colorado, this 15th day of January, 2013.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge